# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

LLOYD PAYNE                                                                    PLAINTIFF

v.                                                                 No. 3:16CV165-NBB-DAS

DR. PHOR, ET AL.                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Lloyd Payne, who

challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison

Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The

plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action

against "[e]very person" who under color of state authority causes the "deprivation of any rights,

privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff

alleges that the defendants denied adequate medical treatment for his leg, foot, and back conditions.

For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon

which relief could be granted.

## Factual Allegations

Lloyd Payne was convicted under the laws of the State of California and was, during the

period relevant to the present case, housed in the Tallahatchie County Correctional Facility ("TCCF")

in Tutwiler, Mississippi. He had been diagnosed with flat feet and scoliosis before his transfer to

TCCF. On February 1, 2016, he visited the medical clinic and requested orthopedic shoes for his

conditions of scoliosis and flat feet. Nurse Practitioner Da'Kenya McDavis examined Payne, told him

that his feet were not flat, and denied his request for orthopedic shoes. On February 10, 2016, Mr.

Payne visited Dr. Phor at TCCF and requested orthopedic shoes, but the doctor would not see him.

On February 25, 2016, Nurse Burks examined Payne. He requested orthopedic shoes and to switch his medicine from ibuprofen to naproxen because the ibuprofen was not alleviating his pain. Nurse Burks ordered the naproxen as a replacement drug, and she ordered gel insoles, rather than orthopedic shoes. The gel insoles did not, however, provide relief. He was transferred from TCCF back into a California prison facility on March 28, 2016. On April 8, 2016, he visited Dr. V. R. Felipa in California, who diagnosed him with, among other things, scoliosis and flat feet. Then Dr. Felipa referred Payne to an orthopedist, who ordered orthopedic shoes sometime between June 15 and June 22, 2016.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986),

*Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such as this, arising from delayed medical attention rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). **A** prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

In this case, medical personnel at TCCF examined Mr. Payne and treated him with gel insoles and a change in medication to naproxen. That treatment was not effective, and he was provided orthopedic shoes once he transferred back to California. Mr. Payne simply disagrees with the course of treatment provided him at TCCF, but that disagreement does not rise to the level of a constitutional claim. *Id.* For these reasons, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of March, 2017.

 /s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE